## THE CINCINNATI TRACTION CO. *v.* GRAMONT.

*Evidence—Expert testimony inadmissible—Physician's opinion of surgical work performed in his absence—Questioning of witness by court not prejudicial, when—Charge to jury——Plaintiff's theory of case not unduly emphasized, when—Negligence.*

1. It is not error for the court to refuse to let a surgeon, called as an expert witness, testify and give his opinion as to the character of certain surgical work performed at the time of the injury in question, where such witness explains that he is not in a position to pass judgment on the services rendered as he did not see the case at the time.

2. The questioning by the court of a witness, at the close of his testimony, as to facts concerning the accident in question, will not be held to be prejudicial error, although an exception thereto was reserved by the attorney for the defendant, where the court inquired whether the defense wished the examination ruled out and stated that he would rule it out if requested, and the attorney for the defendant said "no, he merely wanted an exception," and made no request of the court to instruct the jury in reference to it.

3. The reference by the court, in its general charge to the jury, to the plaintiff's theory of the case more than to the defendant's theory will not in itself be held to be prejudicial error as giving undue prominence to plaintiff's theory over that of the defendant. (*Cleveland Ry. Co.* v. *Snowden,* 15 Ohio App., 42, distinguished.)

(Decided May 21, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Mr. John M. McCaslin,* for plaintiff in error.

[1] Evidence, 22 C. J. § 609; [2] Trial, 38 Cyc. p. 1316 (Anno.); [3] Appeal and Error, 4 C. J. § 3020.

*Mr. Jacob S. Herman* and *Mr. Thos. L. Michie,* for defendant in error.

BUCHWALTER, J.   This action, instituted in the Superior Court of Cincinnati, was for damages for personal injuries, received as a result of a collision between a street car operated by the Cincinnati Traction Company and a wagon driven by the defendant in error, who was plaintiff below.

The Cincinnati Traction Company was operating a street car northwardly on Baymiller street, between Richmond and Court streets. The defendant in error was driving a wagon out of Pennock alley, which is parallel to and lies between Richmond and Court streets, and was coming out on to Baymiller street and turning to the right on Baymiller northwardly toward Court street.

The negligence charged was that the defendant was operating the car at an excessive rate of speed; that no warning of the approach of the car was given; and that the motorman made no effort to check the speed of the car.

The answer of the defendant was a general denial. It also alleges that the injuries to plaintiff, if any, were caused by the sole or contributory negligence on the part of the plaintiff.

The evidence was conflicting as to the speed of the car, sounding of the warning, the exact place where the collision occurred, and the speed at which the plaintiff was driving the wagon.

Various errors are alleged.

The first error complained of was the refusal of the court to permit the defendant to inquire of the plaintiff the length of time he had been in

this country prior to the accident. There is nothing in the record to show what the defense expected to prove if this question had been answered. Further, on page 93 of the record the plaintiff was asked how long he had been in this country and he replied fourteen or fifteen years.

The second ground of error alleged was that the court erred in refusing to permit Dr. Crisler, a witness for the defense, to answer the following question:

"Q. What is your opinion, as a surgeon, from seeing this fracture, as to the character of the surgical work done at the time of the injury?"

The witness dictated what he would have answered:

"I would say that it was a bad result. Of course, you cannot state a thing unless you know what the condition was at the time. The fellow may have tried everything in the world, you know, but that is a bad result."

On page 207 of the record the witness said:

"Whether it had been treated badly, I am unable to say, because I do not know the condition at the time."

Also:

"Well, without seeing the case at the time, the doctor may have done everything possible, and the injury may have been such that he could not get a better result; I would not like to state that, because it would be only guess work."

So, the witness having explained that he was not in a position to pass judgment on the services rendered at the time of the injury, the defense was not prejudiced by the refusal of the court to

let the witness testify further in that respect, even if such a question was competent for any purpose.

It is further claimed that the court was guilty of misconduct in putting certain questions to the conductor, Fehlman, at the close of his testimony. The court did ask several questions as to the portion of the wagon which had been struck, and as to where the plaintiff was thrown by the collision. An exception was reserved by the defendant, whereupon the court inquired if the defense wished that examination to be ruled out, the attorney for the defendant saying, "no, he merely wanted an exception." The court then said he would rule it out, if requested. No request was made that the court instruct the jury in reference thereto. We do not consider that this action on the part of the court was prejudicial error.

Complaint is made that the court in the general charge referred to the plaintiff's theory of the case more often than to the defendant's theory; in other words, that the plaintiff's theory was given undue prominence over the theory of the defense, and the case of *Cleveland Ry. Co.* v. *Snowden,* 15 Ohio App., 42, is cited as an authority that this action by the court was error. That case, however, decides that:

"It is prejudicial error for the trial court, in his charge to the jury, to repeatedly set forth the theory of the case as promulgated by the plaintiff and omit entirely to state the theory of the defendant, especially where at the close of such charge the judge's attention is called to the fact and he refuses upon request of defendant's coun-

sel to charge defendant's theory of the case and his defense."

The theory upon which the defense was based was set forth in the general charge, and we do not consider that the plaintiff's theory was given undue prominence; nor was there any request made by counsel for the defendant for any further statement to the jury in this respect.

It is further contended that the court erred in the following portion of the general charge:

"I say it is necessary for you in determining these facts to consider all the evidence in the case. Thus, while it is not controlling as to just where this accident happened, nor is it controlling as to whether this wagon was hit in the rear, as commonly understood, the rear part of it, the side, or the front wheel, yet these are evidential facts which are collateral to the main issue, and it must be considered by you in determining that main issue."

This is a comment upon the evidence, and the jury might have found that one or more of these facts was controlling, but the court, continuing with its charge, stated:

"They have a bearing upon the ultimate issue of negligence, or contributory negligence."

Taking the charge as a whole, we do not consider that the jury were misled, or that there was such error as was prejudicial to the rights of the plaintiff in error.

A further assignment of error is what is claimed to be a charge on the doctrine of last chance. The doctrine of last clear chance was not pleaded, nor did the evidence warrant such a charge.

A careful reading of that portion of the general charge, in which plaintiff in error contends the court charged on last clear chance, discloses no charge on this doctrine. That portion of the charge is merely a charge on negligence and ordinary care.

The charge taken in its entirety was not misleading and properly stated the law applicable to this case.

It is also urged that the verdict is excessive, but in view of the injuries sustained we do not find that the verdict and judgment were in excess of the damage shown by the record.

Finding no error prejudicial to the plaintiff in error, the judgment of the Superior Court will be affirmed.

*Judgment affirmed.*

CUSHING and HAMILTON, JJ., concur.